**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2016-CA-00196-COA**

**GLORIA THOMPSON**                                                      **APPELLANT**

**v.**

**MILDRED LUCAS**                                                          **APPELLEE**

DATE OF JUDGMENT:               12/21/2015
TRIAL JUDGE:                    HON. JOHNNIE E. WALLS JR.
COURT FROM WHICH APPEALED:      BOLIVAR COUNTY CIRCUIT COURT,
                                SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:         ELLIS TURNAGE
ATTORNEY FOR APPELLEE:          C. PAIGE HERRING
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:        SUMMARY JUDGMENT GRANTED IN
                                FAVOR OF APPELLEE; CASE DISMISSED
                                WITH PREJUDICE
DISPOSITION:                    AFFIRMED: 05/16/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Gloria Thompson appeals the entry of summary judgment and dismissal of her complaint with prejudice. We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2.     Thompson and Mildred Lucas were with family and friends at a casino in Greenville, Mississippi. While at the casino, Lucas ran out of cash. As a result, Thompson loaned Lucas twenty dollars. Lucas advised Thompson that if she did not win any money, she would give Thompson her money back the next day.

¶3. Lucas did not win any money. The next day, Thompson drove to Lucas's residence to pick up the twenty dollars that Lucas had borrowed. As Thompson was leaving, she tripped and fell in Lucas's driveway.

¶4. Thompson filed a complaint and claimed her injuries were proximately caused by the negligence of Lucas under a theory of premises liability. Thompson alleged that, at the time of her injury, she was an invitee.

¶5. Following discovery, Lucas filed a motion for summary judgment. The circuit court found Thompson was a licensee, and Lucas had not breached the applicable duty owed to Thompson. As a result, the circuit court granted Lucas's motion for summary judgment and dismissed the case with prejudice.

¶6. Thompson now appeals and argues the circuit court erred in granting summary judgment based on Thompson's status as a licensee, and genuine issues of material fact exist as to Thompson's status.

STANDARD OF REVIEW

¶7. A circuit court's grant of summary judgment is reviewed de novo. *Olier v. Bailey*, 164 So. 3d 982, 986 (¶9) (Miss. 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). We view the evidence in the light most favorable to the nonmoving party. *Olier*, 164 So. 3d at 986 (¶9).

ANALYSIS

*I.* *Whether the circuit court erred in granting summary judgment based on Thompson's status as a licensee.*

¶8.     "In determining whether liability attaches to a landowner, this Court must determine (1) the status of the visitor, whether trespasser, licensee, or invitee; (2) the duty that the landowner owed to the visitor based on that status; and (3) whether the landowner breached his or her duty of care to the visitor." *Id.* at (¶10).

¶9.     In a premises-liability case, "duty is contingent on the status of the injured person." *Albert v. Scott's Truck Plaza Inc.*, 978 So. 2d 1264, 1266 (¶7) (Miss. 2008). Thus, the first step "is to identify the status of the injured [person] at the time of the injury." *Id.* "The difference in classification is important; a landowner owes a much higher duty of care to invitees than he or she does to licensees." *Olier*, 164 So. 3d at 986-87 (¶12).

¶10.    A licensee is one who enters upon the property of another for "his or her own convenience, pleasure or benefit pursuant to the license or implied permission of the owner." *Id*. at 986 (¶12). An invitee is a visitor "who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Id*.

¶11.    The first distinction between a licensee and an invitee involves the difference between an invitation and mere permission.

> A social guest may be cordially invited and strongly urged to come, but he is not an invitee. Although invitation does not in itself establish the status of an invitee, it is essential to it. An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter, if they desire to do so. Mere permission, as distinguished from invitation, is sufficient to make the

3

visitor a licensee, . . . but it does not make him an invitee.

*Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 764 (Miss. 1989).

¶12.    Here, the record shows Thompson entered Lucas's property pursuant to the permission of Lucas, not in answer to an express or implied invitation by Lucas. There were no agreed-upon terms regarding how, where, or when the money would be repaid, other than Lucas stating she would give Thompson the money "tomorrow" in the event she did not win. There is nothing in the record to suggest that Lucas invited Thompson to her property to collect the money. Instead, the record shows Thompson either called ahead or simply drove to Lucas's home to collect the money.[1]

¶13.    Thompson argues that since she called and advised Lucas that she was en route to her house, and because Lucas did not object to Thompson's visit, Thompson was invited. We disagree. Simply because Lucas did not object to and had "no problem" with Thompson stopping by does not amount to an invitation. Instead, it shows Thompson entered Lucas's property with permission.

¶14.    The next distinction between a licensee and an invitee is mutual advantage.

> [N]o matter the category, whether invitee, licensee, or trespasser, the entrant's advantage is not the issue. In all situations, the entrant has voluntarily appeared for some reason sufficient to that person. The law does not much concern itself with the nature of the reason. The differences among the categories focus on the owner and whether that person is receiving an advantage, or just permits the presence of the entrant, or actually opposes the entry.

---

[1] During her deposition, Thompson testified that on the day of her injury, she called Lucas and told Lucas she was coming by to pick up the money. Lucas, on the other hand, testified that she was going to take Thompson the money, but Thompson said she did not have any gas money and had to go to work, and therefore came by to pick up the money.

4

*Daulton v. Miller*, 815 So. 2d 1237, 1239 (¶9) (Miss. Ct. App. 2001). Thus, for purposes of our analysis, we must focus on Lucas and whether Lucas received an advantage, or just permitted Thompson's presence.

¶15.    Thompson asserts she was an invitee since "she conferred a benefit and advantage upon Lucas, by granting her an interest free loan that enabled her to engage in gaming activities to attempt to win a jackpot and to personally experience the enjoyment of gaming." However, on the day of Thompson's injury, there was no business advantage, compensation, or other benefit conferred to Lucas as a result of Thompson's entry onto her premises. Instead, Thompson entered Lucas's property entirely for Thompson's own benefit, to collect the money previously loaned to Lucas.

¶16.    Thompson further asserts Lucas received a tangible benefit since Thompson came to Lucas's home to pick up the money, thereby saving Lucas the trip. However, there is nothing in the record to indicate Lucas asked Thompson to come to her house to pick up the money or required that Thompson come by to pick up the money. Moreover, there is nothing to suggest Lucas refused to bring the money to Thompson or was unable to take the money to Thompson.

¶17.    Overall, the record shows Thompson entered Lucas's property for her own convenience or benefit pursuant to the permission of Lucas. Thus, we find that at the time of her injury, Thompson was a licensee.

¶18.    Having determined Thompson's status, the next step in our analysis is to identify the corresponding duty owed to Thompson and whether Lucas breached that duty. "A landowner

5

owes a licensee a duty to refrain from willfully or wantonly injuring him." *Little ex rel. Little v. Bell*, 719 So. 2d 757, 760 (¶16) (Miss. 1998). In her deposition, Thompson admitted Lucas did not willfully or wantonly cause her injury. Specifically, Thompson stated Lucas did "nothing" to cause her injuries, "but [Lucas] should have got[ten] her property fixed . . . ."

¶19. We find no evidence that Lucas willfully or wantonly injured Thompson. Accordingly, Lucas did not breach the duty owed to Thompson as a licensee.

> II.     *Whether genuine issues of material fact exist as to Thompson's status.*

¶20. "When circumstances surrounding the [visitor's] purpose on the property are in dispute, status will be a fact question for a jury to decide." *Cade v. Beard*, 130 So. 3d 77, 81 (¶14) (Miss. 2014). "But where there are no factual disputes, status is a question of law for the [circuit] court's determination." *Id*.

¶21. Here, it is undisputed that Thompson's purpose on Lucas's property was to collect the money previously loaned. Thus, the determination of Thompson's status was a question of law for the circuit court. The circuit court appropriately concluded under the facts presented that Thompson was a licensee rather than an invitee.

CONCLUSION

¶22. We find no genuine issues of material fact exist as to Thompson's status. The record shows Thompson was a licensee at the time of her injury, and there is no evidence of willful or wanton conduct. Accordingly, we affirm the circuit court's entry of summary judgment and dismissal of the complaint.

¶23. **THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE**

**ASSESSED TO THE APPELLANT.**

      **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**